**SHULTS & TAMM, LLP**
A Limited Liability Law Partnership

LISSA D. SHULTS (JD 7910)
    E-Mail: lshults@shults-tamm.com
BRADLEY R. TAMM (JD 7841)
    E-Mail: btamm@shults-tamm.com
828 Fort Street, Ste 330
Honolulu, Hawai'i 96813
Telephone (808) 524-4949
Facsimile (808) 524-4844

Attorneys for Plaintiffs
CLAIRE F. MORTIMER
and JOHN S. MORTIMER

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| *In re Lull*, Debtor. | Ch. 7 No. 06-BK-00898 |
| CLAIRE F. MORTIMER and JOHN S. MORTIMER;<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES WILLIAM LULL,<br><br>    Defendant. | ADV. NO. 07-AD-90051<br><br><br><br><br><br><br><br>Date: June 30, 2008<br>Time: 2:00 p.m.<br>Judge: Hon. Lloyd King |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JAMES WILLIAM LULL**

Plaintiffs Claire F. Mortimer and John S. Mortimer's (collectively "Plaintiffs'") Motion for Default Judgment against Defendant James William Lull ("Defendant") came on for hearing on June 30, 2008. Bradley R. Tamm appeared on behalf of Plaintiffs. There were no other appearances.

Having considered the pleadings, motion, supporting memoranda, declarations filed therewith, and supporting evidence, the arguments of counsel and the complete records and files in this case, and good cause appearing, the Court makes the following findings of fact and conclusions of law.

**Findings of Fact**

1. In June 2001, Plaintiff John S. Mortimer loaned Defendant $100,000.00.

2. As of March 27, 2007, Defendant owed Mr. Mortimer $108,500, which includes unpaid principal and accrued interest. (Claims Reg. # 44).

3. On May 4, 2005, Plaintiff Claire F. Mortimer loaned Defendant $600,000.00.

4. On November 11, 2005, Ms. Mortimer loaned Defendant $120,000.00.

5. On February 1, 2006, Ms. Mortimer loaned Defendant $30,000.00.

6. Defendant promised to repay Ms. Mortimer in the amount of $32,500.00 on or before February 9, 2006.

7. When Defendant failed to repay the $32,500.00 as promised, he then promised to pay Ms. Mortimer's credit card debt, including interest that she incurred as a result of Defendant's failure to repay the loan.

2

8. As of March 27, 2007, the total amount due Ms. Mortimer on all of these loans, including unpaid principal and accrued interest, was $839,341.00. (Claims Reg. # 45).

9. Defendant was licensed by the State of Hawaii as a mortgage broker and worked for U.S. Financial Mortgage Company, a mortgage lender.

10. Defendant represented to Plaintiffs that their loans would be used for "bridge loans," made to persons seeking mortgages from U.S. Financial. (Lull Depo., 9-6-07 TR at 87:25-89:3) (emphases added). This representation was false.

11. Plaintiffs justifiably relied on Defendant's false representation that he was using their money for bridge loans, given that Defendant was a licensed mortgage broker working for U.S. Financial at the time he made these representations.

12. Defendant intentionally made the misrepresentations to Plaintiffs in order to obtain additional loans from them.

13. Defendant also intended to deceive Plaintiffs; Defendant knew that he would not be using Plaintiffs' money for the intended bridge loans and, in fact, used Plaintiffs' money to further his personal real estate development projects, diverted the funds to repay other loans Defendant had taken in furtherance of a Ponzi scheme, and to invest in his personal rare coin and opal collection.

14. Defendant further testified in his deposition that he knew that Plaintiffs did not know how he was using their money.

15. During his deposition, Defendant testified that he does not dispute the amounts due on any of the loans, as claimed by Plaintiffs. (Lull Depo., 9-7-07 TR at 266:15-273:12).

16. During his deposition, Defendant testified that he would stipulate to the entry of a judgment against him that these debts are nondischargeable as to the amounts Plaintiffs claim. (Lull Depo., 9-7-07 TR at 266:15-273:12).

17. Defendant filed the voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 8, 2006, which gave rise to the bankruptcy case underlying this Adversary proceeding ("Bankruptcy Case").

18. The deadline to file a complaint to determine dischargeability of debts was originally set to expire on March 5, 2007. (Bk. Dkt. #2).

19. The Chapter 7 Trustee requested that the deadline be extended to May 4, 2007, for the benefit of all creditors. This Court granted that request. (Bk. Dkt. #123).

20. On May 1, 2007, Plaintiffs, creditors in the bankruptcy case, filed a motion to further extend the deadline, as to them, through August 1, 2007. (Bk. Dkt. #228). This Court granted that motion. (Bk. Dkt. 294).

4

21. The Defendant-Debtor and Plaintiffs later stipulated to a further extension of the deadline through October 1, 2007. This Court approved that stipulation. (Bk. Dkt. #378).

22. Plaintiffs filed their Complaint in this action on September 29, 2007. (Adv. Dkt. # 1). Plaintiffs caused a Summons to be issued on the Complaint on October 2, 2007. (Adv. Dkt. # 3). On that same date, Plaintiffs effected service on Defendant. (Adv. Dkt. # 4).

23. On June 29, 2007, Defendant filed a Notice of Intent not to Appear or Defend, wherein he states:

> I, James William Lull, hereby provide notice that I do not intend to appear in this adversary case or defend myself in this adversary case. I understand that by so electing not to appear or defend, default and default judgment will be entered against me for the relief sought in the complaint under 11 U.S.C. Section 523, and the underlying debt which is the basis for the complaint filed against me will be declared non-dischargeable.

(Adv. Dkt. # 5). Defendant did not file an answer to Plaintiffs' Complaint.

24. On February 28, Plaintiffs requested the Clerk of this Court to enter default against Defendant. (Adv. Dkt. # 9-1). On March 1, 2008, the Clerk entered the requested default. (Adv. Dkt. # 10-2).

### Conclusions of Law

1. This court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

5

U.S. Bankruptcy Court - Hawaii  #07-90051  Dkt # 17  Filed 07/22/08  Page 5 of 7

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3. In the Ninth Circuit:

> "In order to establish that a debt is nondischargeable under § 523(a)(2)(A), a creditor must establish five elements by a preponderance of the evidence:
>
>> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct."

*Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1246 (9th Cir. 2001) (quoting *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000)).

4. Defendant falsely represented to Plaintiffs that their loans would be used for "bridge loans," made to persons seeking mortgages from U.S. Financial.

5. Defendant knew of the falsity or deceptiveness of his representations to Plaintiffs.

6. Defendant intended to deceive Plaintiffs in order to obtain additional loans from them. Defendant also knew that he would not be using Plaintiffs' money for the intended bridge loans.

6

U.S. Bankruptcy Court - Hawaii   #07-90051   Dkt # 17   Filed  07/22/08   Page 6 of 7

7. Plaintiffs justifiably relied on Defendant's misrepresentations that he was using their money for bridge loans, given that Defendant was a licensed mortgage broker working for U.S. Financial at the time he made these representations.

8. Defendant's misrepresentations damaged Plaintiffs, which was proximately caused by Plaintiffs' reliance on the misrepresentations.

9. Plaintiffs' damages proximately caused by their reliance on Defendant's misrepresentations total:

    a. Plaintiff John S. Mortimer, $108,500;

    b. Plaintiff Claire Mortimer, $839,341.00.

10. Plaintiffs are entitled to default judgment against Defendant pursuant to Federal Rule of Bankruptcy Procedure 7055 and Federal Rule of Civil Procedure 55(b)(2), in the total amount of $947,841.00.

DATED: July 22, 2008, Honolulu, Hawai'i

                                                U.S. BANKRUPTCY JUDGE

---

*Mortimer v. Lull (In re Lull)* 07-AD-90051 (Bankr. D. Haw.)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JAMES WILLIAM LULL**

---

U.S. Bankruptcy Court - Hawaii   #07-90051   Dkt # 17   Filed 07/22/08   Page 7 of 7